IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MICHAEL D. TRAPP, SR.,**

    Plaintiff,

v.                                     Civil Action No. **3:10CV134**

**HELEN F. FAHEY, et al.,**

    Defendants.

**MEMORANDUM OPINION**

Michael D. Trapp, Sr., a Virginia inmate, brings this 42 U.S.C. § 1983 action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1343(a)(3).

**I. PROCEDURAL HISTORY**

The Magistrate Judge made the following findings and recommendations:

> **Preliminary Review**
> This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).
> "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller,

Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle only applies to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Bell Atlantic Corp., 550 U.S. at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp., 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations and Claims

Trapp is incarcerated for a 1997 probation violation. (Compl. 3.) On October 8, 2009, Trapp appeared before the Virginia Parole Board ("VPB") for parole review. The VPB determined that Trapp was not suitable for release on parole. (Compl. Ex. A.) The VPB stated in writing its reason for denying parole: "Prior failure(s) under community supervision, therefore, unlikely to comply with conditions of parole." (Compl. Ex. A.)

On December 11, 2009 Trapp requested to know what information was provided by the institution to the VPB. (Compl. Ex. D2.) An institutional representative responded to Trapp, explaining that such release of information must be approved by "Mr. Martin" who would return to work on December 21, 2009. (Compl. Ex. D2.) Trapp appealed to the VPB the denial of his parole release.[1] (Compl. Ex. F.)

Trapp raises three claims:

Claim A   Defendants violated Trapp's "[c]onstitutional right to Due Process and Equal Protection, by failing to afford [Trapp's] parole eligibility a fully comprehensive review and evaluation." (Compl. 4.)[2]

Claim B   Defendants violated Trapp's "statutory right to fair parole consideration" when Defendants "failed to conduct [Trapp's October 8, 2009] parole interview in accordance with statutory requirements and policy's [sic]." (Compl. 4.)

---

[1] Trapp provided the Court with copies of the appeal cover sheets, which merely state, "See Attachment," and "See Attachments outlining supporting Grounds for Appeal." (Compl. Exs. B, F.) Trapp failed, however, to submit a copy of the substance of his appeal.

[2] Trapp uses the phrase "parole eligibility," but he actually complains about the denial of his release on parole.

3

Claim C "[Trapp's] parole denial was based on the statutory offense for which [Trapp] had been found criminally liable, instead of and assembly of accurate and sufficient Educational, Rehabilitative, and Sentence Data." (Compl. 4.)

Trapp requests an award amounting to two million dollars for emotional distress, pain, and suffering. Trapp also requests that the VPB reconsider him for parole release, taking into consideration his "Educaitional [sic], Rehabilitative, and Sentence Data as Outlined by Statutory Parole Decision Factors as well as Institutional Adjustment factors during Plaintiff's twelve (12) year Federal Sentence." (Compl. 4.)

## Analysis

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege facts that indicate a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. See Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658 (4th Cir. 1998). As explained below, Trapp fails to allege how the VPB deprived him of a constitutional right or a right conferred by a law of the United States.

### A. Claim A: Due Process Claim

Trapp claims that he was denied due process because the VPB failed "to afford [Trapp's] parole eligibility a fully comprehensive review and evaluation." (Compl. 4.) As a Virginia inmate, Trapp's limited liberty interest in his parole release determination at most entitles him to a written reason explaining why he was denied parole. See Vann v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996); Franklin v. Shields, 569 F.2d 784, 797 (4th Cir. 1977) (en banc); Burnette v. Fahey, No. 3:10cv70, 2010 WL 4279403, at *8 (E.D. Va. Oct. 25, 2010) ("The Fourth Circuit has examined the [statutory] language and repeatedly held that it does not create a liberty interest in parole release." (alteration in original) (internal quotation marks and citation omitted)).[3] Trapp

---

[3] "Virginia courts have made clear that the Virginia Parole Board is 'given absolute discretion in matters of

4

acknowledges that he received such notice. Thus, Trapp received all the process he was due. <u>Burnette</u>, 2010 WL 4279403, at *8. Accordingly, it is RECOMMENDED that Trapp's due process claim be DISMISSED.

**B. Claim A: Equal Protection Claim**

Trapp also complains that the parole procedure violated his equal protection rights.[4] (Compl. 4.) Trapp fails to support this allegation with any facts that suggest that the VPB has treated him differently from any person similarly situated to him. <u>Patterson v. Kaine</u>, No. 3:08cv490, 2010 WL 883807, at *7 (E.D. Va. Mar. 11, 2010) (<u>citing</u> <u>Townes v. Jarvis</u>, 557 F.3d 543, 551 (4th Cir. 2009)). Accordingly, it is RECOMMENDED that Trapp's equal protection claim be DISMISSED.

**C. Claim B: Violation of Statutory Requirements**

In Claim B, Trapp complains that the VPB violated Trapp's "statutory right to fair parole consideration" when it "failed to conduct [Trapp's October 8, 2009] parole interview in accordance with statutory requirements and policy's [sic]." (Compl. 4.) Trapp does not otherwise elaborate on this claim or provide the statutory authority on which he relies. Moreover, Trapp's assertion that the VPB failed to abide by state law does not give rise to a federal claim. Any "alleged deviation involves at most a state procedural requirement that would be required to be enforced in the Virginia courts, under Virginia law." <u>Burnette</u>, 2010 WL 4279403, at *10 (<u>citing</u> <u>Hill v. Jackson</u>, 64 F.3d 163, 171 (4th Cir. 1995); <u>Riccio v. Cnty. of Fairfax, Va.</u>, 907 F.2d 1459, 1469 (4th Cir. 1990)); <u>see</u> <u>Riccio</u>, 907 F.2d at 1469 ("If state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide by that law is not a federal due process

---

parole.'" <u>Robinson v. Fahey</u>, 366 F. Supp. 2d 368, 371 (E.D. Va. 2005) (<u>quoting</u> <u>Garrett v. Commonwealth</u>, 415 S.E.2d 245, 247 (1992)). This Court has ruled that the VPB's regulations do not "impinge[] upon the absolute discretion of the Board when acting on parole applications." <u>James v. Robinson</u>, 863 F. Supp. 275, 277 (E.D. Va. 1994).

[4] "No State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

issue."); Swarthout v. Cooke, 131 S. Ct. 859, 863 (2011). Trapp fails to offer any facts which plausibly suggest that he is entitled to relief. Accordingly, it is RECOMMENDED that Claim B be DISMISSED.

    D.   **Claim C: Failure to Consider Various Factors**

In Claim C, Trapp admits that the VPB denied him parole because he had previously failed community supervision. Trapp argues that the VPB should have considered other factors, such as "Educational, Rehabilitative, and Sentence Data."[5] (Compl. 4.) The United States Court of Appeals for the Fourth Circuit has held that "inmates are entitled to no more than minimal procedure," Vann, 73 F.3d at 522, which requires only that the parole authority furnish to the prisoner a "written statement of its reasons for denying parole." Franklin, 569 F.2d at 797; see Burnette, 2010 WL 4279403, at *8. "[W]here the denial of parole . . . rests on one constitutionally valid ground, the Board's consideration of an allegedly invalid ground would not violate a constitutional right." Bloodgood v. Garraghty, 783 F.2d 470, 475 (4th Cir. 1986). Denial based on previous failure to adhere to community supervision is a valid ground. See, e.g., Fleming v. Murray, 888 F. Supp. 734, 736-37, 741 (E.D. Va. 1994). Trapp has not shown that the VPB violated any constitutionally protected interest. Accordingly, it is RECOMMENDED that Claim C be DISMISSED.

(Apr. 11, 2011 Report and Recommendation.) The Court advised Trapp that he could file objections or an amended complaint within fourteen (14) days of the date of entry thereof. Trapp has not responded.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the

---

    [5] Trapp does not provide the Court with authority for the proposition that the VPB must consider these factors.

responsibility to make a final determination remains with this court." Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing Mathews v. Weber, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute." Thomas v. Arn, 474 U.S. 140, 147 (1985). This Court may adopt without de novo review any portion of the magistrate judge's recommendation to which Petitioner does not raise a specific objection. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 316 (4th Cir. 2005).

### III. CONCLUSION

There being no objections and upon review of the record and the Report and Recommendation, the Report and Recommendation will be ACCEPTED AND ADOPTED, and the action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for purposes 28 U.S.C. § 1915(g).

The Clerk is DIRECTED to send a copy of the Memorandum Opinion to Trapp.

An appropriate Order will issue.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: July 10, 2014
Richmond, Virginia